UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HOMEOWNERS LOAN CORP.<br>Plaintiff | : | CA 05 439 S |
| v. | : | C.A. No. 05- |
| CLAIRE J. POINDEXTER and<br>JODY C. GOMES | : | |

## COMPLAINT

## NATURE OF THE ACTION

Plaintiff, Homeowners Loan Corp ("HLC"), brings this action against Defendants, Claire J. Poindexter ("Poindexter") and Jody C. Gomes ("Gomes"), for declaratory and other relief. There is a justiciable dispute between HLC on the one hand, and Poindexter and Gomes on the other, relating to their rights and obligations under the Truth in Lending Act ("TILA").

## PARTIES AND JURISDICTION

1. HLC is a corporation organized and existing under the laws of Delaware with its principal office located in Atlanta, Georgia.

2. Poindexter is a Rhode Island citizen who lives at 57 North Hull Street in East Providence, Rhode Island.

3. Gomes is a Rhode Island citizen who lives at 57 North Hull Street in East Providence, Rhode Island.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 1331 and 15 U.S.C. § 1635(b) because there is a justiciable controversy between HLC on the one hand, and Gomes and Poindexter on the other, relating to their obligations under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*

5. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000 exclusive of interest and costs and the citizenship of the parties is diverse.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS

7. Poindexter and Gomes are the owners of property located at 57 North Hull Street in East Providence, Rhode Island (the "Property").

8. On or about May 21, 2005, Poindexter and Gomes entered into a loan transaction with HLC in the amount of $202,500 (the "Loan") to refinance a mortgage debt secured by the Property, and to provide funds in excess of the existing mortgage debt to pay off debt and add a deck to the property.

9. The Loan was evidenced by, among other things, the execution by Poindexter and Gomes of an adjustable rate promissory note in favor of HLC (the "Note"), and a mortgage securing the Loan and encumbering the Property (the "Mortgage"). At the closing of the loan both Poindexter and Gomes executed a HUD-1 Settlement Statement ("HUD") indicating they agreed to the fees incident to the loan transaction, the creditors to be paid by the loan proceeds, and the amounts of payment. (A copy of the signed HUD is attached as Exhibit A.)

10. Contemporaneously with the execution by Poindexter and Gomes of the Note and the Mortgage, as required by TILA, HLC provided to Gomes and Poindexter a written "Notice of Right to Cancel," (the "Notice") which both Poindexter and Gomes signed on May 21, 2005. (A copy of the signed Notice is attached as Exhibit B.)

11. The Notice informed Poindexter and Gomes that they had a right to cancel the Loan transaction within three business days of the date of the Loan transaction.

12. The Notice also provided Poindexter and Gomes with the address of and fax number at HLC to communicate effectively the decision to exercise the right of rescission in the event either Poindexter or Gomes decided to cancel the Loan transaction..

13. Having no record of receipt of the executed Notice at either the address or fax number provided in the Notice, on May 26, 2005, HLC wired the proceeds of the Loan (the "Loan Proceeds") to the title company for disbursement as agreed on the HUD Settlement Statement, after the expiration of the three day rescission period provided in the Notice.

14. The Loan Proceeds were forwarded by the title company to the payees as agreed on the HUD Settlement Statement, including payments to Poindexter's existing lender, EMC Mortgage Corporation, in the amount of $169,327.76, in satisfaction of the pre-existing mortgage indebtedness secured by the Property, and to Poindexter and Gomes themselves in the amount of $13,374.15.

15. EMC Mortgage accepted payment in full of its loan and cancelled its mortgage encumbering the Property.

16. On June 1, 2005 Poindexter informed HLC that she had sent a one-page hand-written note dated May 24, 2005 to a fax machine in HLC's general corporate office (the "Handwritten Note"). (A copy of the Handwritten Note is attached as Exhibit C.)

17. The Handwritten Note was not faxed or delivered to the fax number that was provided in the Notice. It is not signed by Gomes or Poindexter.

18. HLC funded the Loan transaction without actual knowledge of the preparation of the Handwritten note, or its transmission by fax to HLC.

19. Although Homeowners is willing to honor the Handwritten Note as a valid notice of rescission, it is fearful that if it cancels its security interest in the Property pursuant to the 15 U.S.C. § 1635(b) before Gomes and Poindexter tender the money they received, that it will be unable to obtain any repayment.

20. Neither Gomes nor Poindexter have sufficient assets to immediately repay the Loan or the amount that Homeowners paid to EMC Mortgage. Poindexter is unemployed and Gomes has accumulated substantial debt.

21. Homeowners is also concerned that if it does not cancel its security interest and rescind the Loan that Poindexter and Gomes will claim that Homeowners has violated the Truth in Lending Act.

22. Under 15 U.S.C. § 1635(b), the Court has the authority to condition a lender's obligation to cancel its security interest upon the borrower's repayment of the loan amount, less any finance charges, etc.

**COUNT I**
**(Declaratory Judgment)**

23. HLC restates and realleges paragraphs 1 through 26 of this Complaint as though fully set forth herein.

24. There exists a real and justiciable controversy between HLC and Gomes and Poindexter concerning their respective rights and obligations under the Truth in Lending Act.

25. Specifically, there is a controversy as to whether Homeowners must cancel its security in the Property *before* Gomes and Poindexter tender payment.

WHEREFORE, Homeowners prays that the Court grant it declaratory judgment specifying:

A. That in accordance with 15 U.S.C. § 1635(b), the Court condition the ability of Gomes and Poindexter to rescind the Loan upon their tender or repayment of $182,701.91 (which is the amount of the EMC Mortgage loan plus the disbursement to Gomes and Poindexter); and

B. Any other relief the Court deems just and appropriate.

HOMEOWNERS LOAN CORP.
By its Attorneys,

Brent R. Canning (By WKGr)

Brent R. Canning, Esq., 5546
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
401-274-2000
401-277-9600 - FAX

Dated: October 19, 2005