**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**HOMEOWNERS LOAN CORP.**

**v.** **CA No.: 05-439S**

**CLAIRE POINDEXTER and**
**JODY C. GOMES**

## AMENDED ANSWER OF DEFENDANTS

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment.
2. Admit.
3. Admit.
4. Admit.
5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment.
6. Admit.
7. Admit as to Defendant Claire Poindexter. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment as to Defendant Jody C. Gomes.
8. Denied, as the transaction was canceled and/or rescinded.
9. Denied, as the transaction was canceled and/or rescinded.
10. Admit.
11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment.
12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment.
13. Denied.
14. Denied.
15. Admit.
16. Defendants admit a notice of recission was sent. Defendants are without knowledge or information sufficient to form a belief as to the truth of the of the balance of Plaintiff's averment.
17. Denied.
18. Denied.
19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment.
20. Admit.
21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment.
22. Admit.

23. Defendant refer to the Answers provided above paragraphs 1. through 26. and incorporates them herein by reference as if fully stated herein.
24. Admit.
25. Admit.

Wherefore Defendants pray judgment and for their costs and reasonable attorney's fees.

Defendants
by their attorney,

Jonathan F. Oster, Esq. #2610
Suite C203
1525 Old Louisquisset Pike
Lincoln, Rhode Island 02865
(401) 726-8600

DEFENSES

FIRST DEFENSE

1. Defendants plead the defense of failure to state a claim upon which relief can be granted.

SECOND DEFENSE

1. Defendants plead the defense of waiver.

THIRD DEFENSE

1. Defendants plead the defense of laches.

FOURTH DEFENSE

1. Defendants plead the defense of estoppel.

FIFTH DEFENSE

1. Defendants plead the defense of unclean hands.

WHEREFORE, Defendants pray judgment against Plaintiff and for their costs and attorney's fees.

Defendants
by their attorney,

Jonathan F. Oster, Esq. #2610
Suite C203
1525 Old Louisquisset Pike
Lincoln, Rhode Island 02865
(401) 726-8600

**COUNTERCLAIM**

**COUNT I**

1. Defendant Claire Poindexter was solicited by the Plaintiff's agents and/or employees to obtain mortgage financing.
2. Defendant relied upon Plaintiff's agent and/or employees to act in good faith in their dealings with the Defendants and relied upon their representations.
3. Plaintiff was aware that the Defendants were relying upon their good faith and representations.
4. Plaintiff put a financing package together that it represented was right for Defendant Claire Poindexter.
5. The financing package Plaintiff tried to sell to the Defendant was one she could not afford and did not qualify.
6. Plaintiff convinced Defendant Poindexter to place her son on the title to her real estate so they could qualify her for the financing package based upon his income.
7. Defendant Poindexter was convinced to convey title to her property based upon the plan authored by the Plaintiff's agents and/or employees that they would "put the title right back" into her name after closing. Plaintiff's representations were false and intended to induce the Defendants to participate in the financing.
8. The Plaintiff sent an agent and/or employee to the Defendant Claire Poindexter home to sign papers for the financing package.
9. After the Plaintiff's agent and/or employee left with the signed papers the Defendants reviewed the items and based upon the expressed right of rescission published and transmitted a rescission to the Plaintiff.
10. Plaintiff received the transmission of rescission by the Defendant in a timely fashion.
11. Plaintiff with disregard to the rescission and cancellation of the transaction by the Defendants, funded the loan and recorded documents that had been lawfully rescinded and cancelled including the recording of the deed to one half of the interest in Defendant Claire Poindexter's real estate.
12. The Plaintiff acknowledged the rescission to the Defendants and that the funding of the loan and recording of the documents was by error, and Plaintiff took steps to correct the error, when they could not correct their error, the Plaintiff then in bad faith began to make claims that the rescission it had acknowledged was defective.

13. Since that date the Plaintiff has held a mortgage upon the Defendant Poindexter's property for the rescinded Mortgage and has refused to release and discharge same. Plaintiff has acted in bad faith.
14. Defendants are entitled to the release and discharge of the Mortgage recorded by the Plaintiff after rescission by the Defendants.

Wherefore Defendant prays this Honorable Court Order the Plaintiff to release and discharge the Mortgage recorded on the Defendant's property.

**COUNT II**

15. Paragraphs 1 through 14 of Count I of Defendant's Counterclaim above are referred to and incorporated herein by reference as if fully stated herein.
16. Plaintiff's conduct was calculated to defraud the Defendant Claire Poindexter.
17. Defendant Claire Poindexter was damaged thereby.

Wherefore Defendant demands judgment for compensatory damages in an amount within the jurisdiction of this Honorable Court and punitive damages in the amount of FIVE HUNDRED THOIUSAND ($500,000) DOLLARS plus interest, costs and reasonable attorney's fees.

**COUNT III**

18. Paragraphs 1 through 14 of Count I and paragraphs 16. and 17. of Count II of Defendant's Counterclaim above are referred to and incorporated herein by reference as if fully stated herein.
19. Plaintiff's actions comprise predatory lending practices.
20. Defendants were damaged thereby.

Wherefore Defendant demands judgment for compensatory damages in an amount within the jurisdiction of this Honorable Court and punitive damages in the amount of FIVE HUNDRED THOIUSAND ($500,000) DOLLARS plus interest, costs and reasonable attorney's fees.

**COUNT IV**

21. Paragraphs 1 through 14 of Count I and of Defendant's Counterclaim above are referred to and incorporated herein by reference as if fully stated herein.
22. Defendants are damaged as a result of the Plaintiff's refusal to clear the cloud on their title created by the Plaintiff's error.

Wherefore Defendant demands judgment for damages in an amount within the jurisdiction of this Honorable Court plus interest, costs and reasonable attorney's fees.

**COUNT V**

23. Paragraphs 1 through 14 of Count I and paragraphs 16. and 17. of Count II of Defendant's Counterclaim above are referred to and incorporated herein by reference as if fully stated herein.
24. Plaintiff has failed to accurately reflect and report the amounts borrowed by the Defendants contrary to law.
25. Defendants are damaged thereby.

Wherefore Defendant demands judgment for damages in an amount within the jurisdiction of this Honorable Court plus interest, costs and reasonable attorney's fees.

**COUNT VI**

26. Paragraphs 1 through 14 of Count I and paragraphs 16. and 17. of Count II of Defendant's Counterclaim above are referred to and incorporated herein by reference as if fully stated herein.
27. As a result of the Plaintiff's conduct the Defendants are entitled to statutory damages.

Wherefore Defendant demands judgment for statutory damages plus interest, costs and reasonable attorney's fees.

**COUNT VII**

28. Paragraphs 1 through 14 of Count I and paragraphs 16. and 17. of Count II of Defendant's Counterclaim above are referred to and incorporated herein by reference as if fully stated herein.
29. Plaintiff at all time was represented by its agents and/or employees, as a direct result of the Plaintiff's agents and/or employees conduct on behalf of the Defendant was damaged thereby.
30. Plaintiff as a lender has an obligation to train and/or supervise its agents and/or employees.
31. Plaintiff has a duty to consumers including the Defendants to train and/or supervise its agents and/or employees.
32. Plaintiff breached that duty to the Defendants.
33. Defendants are damaged thereby.

Wherefore Defendant demands judgment for damages in an amount within the jurisdiction of this Honorable Court plus interest, costs and reasonable attorney's fees.

Defendants
by their attorney,

Jonathan F. Oster, Esq. #2610
Suite C203
1525 Old Louisquisset Pike
Lincoln, Rhode Island 02865
(401) 726-8600

**CERTIFICATION**

I hereby certify that on this 16th day of November 2005 I caused to be mailed a copy of the within AMENDED ANSWER and COUNTERCLAIM to Plaintiff's counsel Brent R, Canning, Esq. at his address of Hinckley, Allen & Snyder LLP, 1500 Fleet Center, Providence, Rhode Island 02903 by first class mail postage prepaid.