SCANNED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| HOMEOWNERS LOAN CORP.<br>Plaintiff | : | |
| | : | |
| v. | : | C.A. No. 05-439S |
| | : | |
| CLAIRE J. POINDEXTER and<br>JODY C. GOMES | : | |

**ANSWER TO COUNTERCLAIM**

Homeowners Loan Corp. ("HLC") for its Answer to the Counterclaim states as follows:

1. HLC admits that it offered to provide a loan to Poindexter that would refinance her existing mortgage debt and provide her additional funds for home improvements. HCL denies all other allegations contained in Paragraph 1.

2. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies them.

3. Denied.

4. HLC admits that it offered to provide a loan to Poindexter that would refinance her existing mortgage debt and provide her additional funds for home improvements. HLC denies all other allegations contained in Paragraph 4.

5. HLC admits that Poindexter did not qualify for the loan she desired based upon her income and other factors. HLC denies all other allegations contained in Paragraph 5.

6. HLC admits that it informed Poindexter that she might qualify for the loan if she presented HLC with a co-borrower and HLC admits that Poindexter's son, Jody Gomes, agreed to act as a co-borrower with Poindexter. HLC further admits that it required both Poindexter and Gomes to be named on the deed to the property that would secure the loan, 57 Hull Street in East

Providence, and that Poindexter and Gomes agreed to place Gomes on the deed in order to obtain the loan. HLC denies all other allegations contained in Paragraph 6.

7. Denied.

8. HLC admits that it sent an agent to Poindexter's home so that she and her son could sign the papers necessary to consummate the loan transaction.

9. HLC is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies them except it admits that it received a hand-written, unsigned cancellation note via facsimile. The note was apparently sent by Poindexter.

10. HLC admits that it received a hand-written, unsigned cancellation note via facsimile. Upon information and belief, HLC received the note on May 24, 2005.

11. HLC admits that it funded the loan to Poindexter and Gomes and recorded the appropriate documents, including the deed, but denies all other allegations contained in Paragraph 11.

12. HLC admits that when it discovered Poindexter's hand-written cancellation note in its general corporate fax machine that it offered to rescind the loan transaction and place Poindexter in the position she had previously occupied but denies that it admitted the validity of Poindexter's cancellation note and all other allegations in Paragraph 12.

13. HLC admits that it continues to hold a mortgage on the property at 57 Hull Street but denies the remaining allegations in Paragraph 13.

14. Paragraph 14 is a legal conclusion to which no response is required. To the extent that Paragraph 14 contains factual allegations, they are denied.

15. HLC incorporates and restates its responses to Paragraphs 1-14 of the Counterclaim as if fully set forth herein.

16. Denied.

17. Denied.

18. HLC incorporates and restates its responses to Paragraphs 1-14 and Paragraph 16 and 17 of the Counterclaim as if fully set forth herein.

19. Denied.

20. Denied.

21. HLC incorporates and restates its responses to Paragraph 1-14 and Paragraphs 16 and 17 of the Counterclaim as if fully set forth herein.

22. Denied.

23. HLC incorporates and restates its responses to Paragraph 1-14 and Paragraph 16 and 17 of the Counterclaim as if fully set forth herein.

24. Denied.

25. Denied.

26. HLC incorporates and restates its responses to Paragraph 1-14 and Paragraphs 16 and 17 of the Counterclaim as if fully set forth herein.

27. Denied.

28. HLC incorporates and restates its responses to Paragraph 1-14 and Paragraphs 16 and 17 of the Counterclaim as if fully set forth herein.

29. HLC admits that it is a corporation and was represented by agents and employees while dealing with Poindexter and Gomes but denies the remaining allegations contained in Paragraph 29.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaim fails to state any claim upon which relief could be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Counterclaim is barred or limited by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

The Counterclaim is barred or limited by 15 U.S.C. § 1640(c) because any violation of the law was unintentional and done in good faith.

**FOURTH AFFIRMATIVE DEFENSE**

The state law claims are barred or limited by the doctrine of preemption.

WHEREFORE, HLC prays that the Court deny and dismiss the Counterclaim with prejudice, enter judgment in favor of HLC and award HLC any other relief deemed just and appropriate, including HLC's costs and attorneys' fees.

HOMEOWNERS LOAN CORP.
By its Attorneys,

Brent R. Canning, Esq., 5546
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
401-274-2000
401-277-9600 - FAX

Dated: November 28, 2005

#683655-P-v1

**CERTIFICATION**

I certify that on November 29, 2005, I mailed a copy of the within Answer to Counterclaim, postage pre-paid, to the following attorney(s) of record:

Jonathan F. Oster, Esq.
Suite C203
1525 Old Louisquisset Pike
Lincoln, RI 02865

Kandy M Marchand